IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

SHEKKU ABU-BAKAR GBEMEH,      :
                             :
        **Plaintiff,**        :
                             :        **CASE NO:**
    v.                       :        **7:25-cv-94–WLS**
                             :
ARE TELECOMMUNICATIONS, LLC, :
*et al.*,                    :
                             :
        **Defendants.**       :
_____  :

## ORDER

Pending before the Court is Defendant C.U. Employment, Inc.'s Motion for Partial Judgment on the Pleadings (Doc. 19) ("Motion for Partial Judgment"). On February 18, 2026, *pro se* Plaintiff filed a First Amended Complaint (Doc. 28).[1] Normally, upon the filing of an amended complaint, pending motions with respect to the original complaint become moot. However, Plaintiff's First Amended Complaint, as filed, is improper under the Federal Rules of Civil Procedure as he was required to first request leave to file such amendment.[2] *See* Fed. R. Civ. P. 15(a).

Because Plaintiff is proceeding *pro se*, his pleadings are liberally construed. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam). However, liberal construction of *pro se* filings does not require courts to ignore the Rules; "a party who proceeds *pro se* must comply with the same procedural rules that other litigants must follow." *Diaz v. AT&T Mobility*, No. 1:10-CV-3356, 2013 WL 12098747, at *3-4 (N.D. Ga. July 19, 2013), *adopted by*, 2013 WL 12097948 (N.D. Ga. Aug. 9, 2013). As he is filing *pro se*, Plaintiff will be

---

[1] The amended complaint was initially filed on February 17, 2026. However, due to a deficiency in the filing, it was refiled on February 18, 2026. (*See* Docs. 27, 28).

[2] Because Plaintiff is proceeding *pro se*, his pleadings are liberally construed. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam). However, liberal construction of *pro se* filings does not require courts to ignore the Rules; "a party who proceeds *pro se* must comply with the same procedural rules that other litigants must follow." *Diaz v. AT&T Mobility*, No. 1:10-CV-3356, 2013 WL 12098747, at *3-4 (N.D. Ga. July 19, 2013), *adopted by*, 2013 WL 12097948 (N.D. Ga. Aug. 9, 2013).

1

given an opportunity to make the appropriate filing requesting leave to amend and showing good cause for leave to amend his complaint.

Accordingly, it is hereby **ORDERED** that:

1.      Plaintiff shall have fourteen (14) days after entry of this Order, or until close of business on **Monday, March 9, 2026**, within which to properly move for amendment for good cause;

2.      Because Plaintiff's First Amended Complaint (Doc. 28) is filed in violation of the Rules, it is **DISMISSED**, *sua sponte*, **WITHOUT PREJUDICE**;

3.      Consideration of Defendant C.U. Employment, Inc.'s Motion for Partial Judgment (Doc. 19) will be held in **ABEYANCE**, pending Plaintiff properly filing a motion to amend;

4.       If Plaintiff fails to properly file such motion to amend, then no later than close of business on **Monday, March 9, 2026**, Plaintiff may file his response to the Motion for Partial Judgment; and

5.      Plaintiff's failure to comply with this Order may result in the Court granting the pending Motion for Partial Judgment with respect to Plaintiff's Complaint (Doc. 1).

**SO ORDERED**, this 23rd day of February 2026

<u>/s/W. Louis Sands</u>
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**