**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**VALDOSTA DIVISION**

| | | |
|---|---|---|
| **SHEKKU ABU-BAKAR GBEMEH,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**ARE TELECOMMUNICATIONS, LLC, *et al.*,**<br><br>**Defendants.** | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | **CASE NO:**<br>**7:25-cv-94–WLS** |

## ORDER

On April 9, 2026, *pro se* Plaintiff Sheku Abu-Bakar Gbemeh filed a Third Amended Complaint (Doc. 45) against Defendants ARE Telecommunications, LLC ("ARE"), Mediacom Communications Corp. ("Mediacom"), and Communications Unlimited, Inc. ("CUI"). In his Third Amended Complaint, Plaintiff added as a Defendant, Ryan Zellner ("Zellner"), Vice President of Defendant ARE. Defendants ARE, Mediacom, and CUI were served by the United States Marshals Service for the Middle District of Georgia ("Marshals Service"). By Order (Doc. 55) entered June 23, 2026, the Marshals Service was directed to serve Defendant Ryan Zellner, and on June 23, 2026, the Marshals Service issued USM 285 Process Receipt and Return ("Process Receipt") with respect to Ryan Zellner by regular United States Mail. (*See* Doc. 56).

Federal Rule of Civil Procedure 4(m) provides that:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

The deadline to serve Defendant Ryan Zellner was Wednesday, July 8, 2026. The docket does not reflect that the Process Receipt has been returned as undeliverable. Nor does the docket reflect that such document has been executed. Per the Process Receipt, notice of

service was to be sent to Plaintiff. Defendant Ryan Zellner has not filed an answer or other responsive pleading to the Complaint.

Accordingly, the Court **ORDERS** Plaintiff file evidence of executed Process Receipt or waiver with respect to Ryan Zellner and/or show cause no later than **Friday, August 28, 2026**, why the Complaint should not be dismissed as to Defendant Ryan Zellner for failure to serve such Defendant. Plaintiff is hereby noticed that failure to respond to or comply with this Order will subject this case to dismissal as to Defendant Ryan Zellner, without prejudice, and without further notice or proceeding

**SO ORDERED**, this 12th day of August 2026.

**/s/W. Louis Sands**
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**