**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**VALDOSTA DIVISION**

| | | |
|---|---|---|
| **SHEKKU ABU-BAKAR GBEMEH,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | **CASE NO:** |
| **v.** | : | **7:25-cv-94–WLS** |
| | : | |
| **ARE TELECOMMUNICATIONS, LLC, *et al.*,** | : | |
| | : | |
| **Defendants.** | : | |
| | : | |

**ORDER**

By Order (Doc. 57) entered August 12, 2026, the Court ordered *pro se* Plaintiff to file evidence of executed Process Receipt and Return or waiver with respect to Ryan Zellner and/or show cause no later than Friday, August 28, 2026, why the Complaint should not be dismissed as to Defendant Ryan Zellner for failure to serve such Defendant. Plaintiff's Response (Doc. 59) to the August 12, 2026 Order was filed August 13, 2026. Therein, Plaintiff states that he has not received an executed Process Receipt and Return or waiver with respect to service on Ryan Zellner and is unaware of the status of service through the United States Marshals Service for the Middle District of Georgia ("Marshals Service").

The Court has since been informed that, due to lack of personnel, the Marshals Service inadvertently failed to process the June 23, 2026 USM 285 Process Receipt and Return, and such Process Receipt and Return was processed on August 12, 2026 via Federal Express service. Thus, the Court accepts Plaintiff's explanation and finds no sanction or further action as to Plaintiff is appropriate at this time. However, the Court reminds Plaintiff that it is his responsibility to monitor and inquire regarding the status of service to ensure its timeliness and/or to take the necessary steps to ensure that service is completed as ordered.

Based on the foregoing, the Court **DIRECTS** the Marshals Service to promptly complete service on Ryan Zellner and provide notice of such service to Plaintiff and this Court.

**SO ORDERED**, this 14th day of August 2026.

**/s/W. Louis Sands**
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**